IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

TRAVAMERICA, INC., )
)
PLAINTIFF, )
)
) CIVIL ACTION
V. ) FILE NO. 1:10-cv-2454-TCB
)
INTERTRAVEL, S.A.R.L., )
GLOBALIA CORPORACION )
EMPRESARIAL, S.A., )
GLOBALIA EXPLOTACIONES )
HOTELERAS, S.L.U., AND )
OPERADORA GLOBALIA de )
MEXICO, S. de R. L. de C.V., )
)
DEFENDANTS. )

## ORDER GRANTING TEMPORARY RESTRAINING ORDER

This cause came to be heard on the 5th day of August, 2010, upon the application by Plaintiff TravAmerica, Inc. ("TravAmerica") for a Temporary Restraining Order against Defendants Intertravel, S.A.R.L. ("Intertravel"), Globalia Corporacion Empresarial, S.A. ("Globalia"), Globalia Explotaciones Hoteleras, S.L.U. ("Globalia Hotels"), and Operadora Globalia de Mexico, S. de R. L. de C.V. ("OGM") (together, "Defendants"). For the reasons set forth herein, and based on the evidence presented in TravAmerica's Verified Complaint For Injunctive Relief and Damages, the affidavits filed in this action, and all other

matters of record, the Court finds that TravAmerica has established a substantial likelihood of success on the merits of its claims against the Defendants with respect to its Georgia Racketeer Influenced Corrupt Organization Act ("Georgia RICO") and Uniform Deceptive Trade Practices Act claims ("DTPA"), both of which authorize a temporary restraining order. Defendants are currently violating TravAmerica's rights and will continue to do so if not restrained.

Under Georgia RICO, Defendants need only show immediate danger of significant loss or damage. O.C.G.A. § 16-14-6(b). TravAmerica has demonstrated an immediate danger of significant loss or damage because due to Defendants' wrongful actions it cannot resume its business operations and has a significant chance of not surviving as a going concern. In addition, TravAmerica has shown that due to Defendants' wrongful actions TravAmerica is losing millions of dollars in revenue.

Under the DPTA, TravAmerica has demonstrated that Defendants' wrongful actions constitute a threat of immediate and irreparable injury, loss, or damage to TravAmerica before a preliminary injunction hearing can be held. TravAmerica has shown that Defendants have made and are still making false representations of fact, and since TravAmerica and Defendants are competitors, irreparable injury is

presumed under the law. In addition, TravAmerica has shown a loss of customers and goodwill, which also constitutes an irreparable injury under the law.

TravAmerica has provided and/or has attempted to provide notice to Defendants, including to Defendant Intertravel's counsel located in Atlanta, Georgia. Regardless of any appearance by any Defendant's counsel, and even assuming that some or all of the Defendants may not have received TravAmerica's notice sufficiently in advance of the hearing of TravAmerica's Motion for Temporary Restraining Order in order to make an appearance, this Court concludes that the harm to TravAmerica outweighs any harm to Defendants such that actual notice is not required prior to the issuance of this Temporary Restraining Order.

Accordingly, it is hereby ORDERED, ADJUDGED AND DECREED that Defendants are hereby restrained and enjoined as follows:

Defendants, their agents, employees, successors, affiliates, attorneys, and all persons in active concert and participation with them, are restrained and enjoined from using, advertising, exploiting, taking, stealing or misappropriating TravAmerica's exclusive rights in the United States, Canada and Europe, to market, sell and book accommodations at the hotel properties listed below, and from collecting revenues resulting from the sale of such accommodations, whether

under the "Oasis" brand and marks, or any other name, brand, or marks. The hotel properties to which the Temporary Restraining Order shall apply include:

    a. Grand Oasis Cancun, a five star hotel located at Blvd. Kukulcan Km. 16.5, Hotel Zone, Cancun, Quintana Roo 77500 Mexico;

    b. Oasis Cancun, a four star hotel located at Blvd. Kukulcan Km. 16.5, Hotel Zone, Cancun, Quintana Roo 77500 Mexico;

    c. Grand Oasis Playa, a five star hotel located at Blvd. Kukulcan Km. 19.5, Hotel Zone, Cancun, Quintana Roo 77500 Mexico;

    d. Grand Oasis Rivera Maya, a five star hotel located at Km. 251 Carretera Chetumal, Puerto Juarez, Akumal, Quintana Roo 77780 Mexico;

    e. Oasis Palm Beach, a four star hotel located at Blvd. Kukulcan Km. 4.5, Hotel Zone, Cancun, Quintana Roo 77500 Mexico;

    f. Grand Oasis Caribbean Resort, a five star hotel located at Blvd. Kukulcan Km. 4.5, Hotel Zone, Cancun, Quintana Roo 77500 Mexico;

    g. Oasis Viva Beach, a four star hotel located at Blvd. Kukulcan Km. 8.5, Hotel Zone, Cancun, Quintana Roo 77500 Mexico;

    h. Grand Oasis Viva Beach, a five star hotel located at Blvd. Kukulcan Km. 8.5, Hotel Zone, Cancun, Quintana Roo 77500 Mexico;

i. Oasis America, a three star hotel located at Ave. Tulum Esquina Brissa s/n Sm. 4, Col. Centro, Cancun, Quintana Roo 77500 Mexico; and

j. Sens Cancun, a four star hotel located at Ave. Tulum Esquina Brissa s/n Sm. 4, Col. Centro, Cancun, Quintana Roo 77500 Mexico.

These properties are hereinafter referred to as the "Hotels."

This Temporary Restraining Order specifically prohibits any and all actions of any nature or kind by Defendants or those acting in concert with Defendants from: (1) soliciting, entering into or attempting to enter into contracts or otherwise conducting business with traditional and web-based tour operators and marketers, travel agencies, and travel wholesalers to market, sell and book the Hotels' accommodations in the United States, Canada and Europe; (2) conducting any advertising (whether in print, radio, television or by Internet), marketing, sales, reservations, and bookings of the Hotels' accommodations to individuals and companies in the United States, Canada and Europe; and (3) directly or indirectly collecting any monies resulting from marketing, sales, reservations, and bookings of the Hotels' accommodations in the United States, Canada and Europe.

This temporary restraining order shall issue pending a hearing and determination of any Motion by TravAmerica for a Preliminary Injunction.

It is further ORDERED, ADJUDGED AND DECREED that this Temporary Restraining Order shall be binding upon Defendants and upon their agents, representatives, employees, and any other person or persons acting on their behalf or at their direction who receives actual notice of this Temporary Restraining Order.

It is further ORDERED, ADJUDGED AND DECREED that this Temporary Restraining Order shall issue on August _5_ at _2:32_ P.M. from the United States District Court for the Northern District of Georgia.

It is further ORDERED, ADJUDGED AND DECREED that a Temporary Restraining Order Bond in the amount of _$50,000.00_ is required.

It is further ORDERED, ADJUDGED AND DECREED that this Temporary Restraining Order shall be effective upon the filing with the Clerk of Court the Temporary Restraining Order Bond with sufficient surety.

It is further ORDERED, ADJUDGED AND DECREED that this Temporary Restraining Order shall remain in full force and effect until a hearing can be held to determine whether this Temporary Restraining Order should be converted into a preliminary injunction, or for fourteen days from the date of its entry by the Clerk of Court, unless extended by further Order of this Court. A hearing to show cause why this Temporary Restraining Order should not be converted into a preliminary

injunction is scheduled for the 18th day of August, 2010, at 10:00 a.m. before this court.

Defendants shall file their written opposition to Plaintiffs' motion no later than 5:00 p.m. on Friday, August 13th. Plaintiffs may file a reply brief no later than 12:00 noon on Tuesday, August 17th.

So ordered this 5th day of August, 2010.

_____
Timothy C. Batten, Sr.
United States District Judge

Prepared by:

THE STROTT LAW FIRM
Peter H. Strott
Georgia Bar no. 689150
Attorneys for Plaintiff

Two Ravinia Drive, Suite 1500
Atlanta, GA 30346
(404) 920-0509, telephone
(404) 239-1179, facsimile
pstrott@strottlawfirm.com